UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS IVAN VENEGAS BANUELOS,<br><br>Petitioner,<br><br>v.<br><br>PAMELA JO BONDI, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-02483-RFB-BNW<br><br>**ORDER** |

Petitioner Alexis Ivan Venegas Banuelos, immigration detainee, has filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), and Emergency Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 2), challenging the lawfulness of his detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and Motion and preliminarily finds Petitioner likely can demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the Motion should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, within three days, **a (i) notice of appearance and (ii) "a return certifying the true cause of detention"** on or before **December 19, 2025.** Id. Petitioner may file a reply on or before **December 22, 2025**.

**IT IS FURTHER ORDERED** that the parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Motion. The Court would be amenable to ruling on the papers if the parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not,

however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2 and LR 7-3 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). **Specifically, the Petition and Motion state that Respondents are detaining Petitioner without having issued and served a Notice to Appear commencing removal proceedings against him.** See ECF No 2 at 10-11. Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their response any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and removal proceedings, Respondents must so indicate, and file said documents with their pleading. **If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their certified return.**

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1), Motion (ECF No. 2) and attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5; 2-1, 2-2, 2-3, 2-4, 2-5, 2-6), and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the (ECF No. 1), Motion (ECF No. 2) and attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5; 2-1, 2-2, 2-3, 2-4, 2-5, 2-6), and this Order to:

   i. The United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

   ii. Counsel for Respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com and Jacob Brady Lee at JLee@strucklove.com

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of a copy of the (ECF No. 1), Motion (ECF No. 2), attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5; 2-1, 2-2, 2-3, 2-4, 2-5, 2-6), and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** December 16, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**