UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXIS IVAN VENEGAS BANUELOS, | |
| Petitioner, | Case No. 2:25-cv-02483-RFB-BNW |
| v. | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| PAMELA BONDI, *et al.*, | |
| Respondents. | |

Pending before the Court is Petitioner Alexis Ivan Venegas Banuelos's amended motion for preliminary injunctive relief (ECF No. 2),[1] challenging the lawfulness of his detention at Nevada Southern Detention Center (NSDC) in the custody of the Federal Respondents. For the following reasons, the Court grants the Motion.

Petitioner was arrested by ICE on November 24, 2025. ECF No. 1 at 10. To-date, he has not been served by DHS with a Notice to Appear ("NTA"), which is necessary to commence removal proceedings and serves as a charging document, detailing the grounds for an individual's removal. See id. Respondents have not contested this fact nor produced an NTA. Petitioner was transferred to ICE custody following an arrest on November 23, 2025, for an alleged misdemeanor DUI. Id. at 3. This arrest remains pending and is his only criminal arrest. Id. Petitioner has been

---

[1] Although Petitioner seeks a temporary restraining order, see ECF No. 2, the Court treats his motion as a request for a preliminary injunction. Both forms of injunctive relief are subject to the same legal standard. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Respondents had notice, an opportunity to respond, and ability to be heard. See Fed. R. Civ. P. 65. Because the standards for the two forms of relief are the same, and the Court finds there is no benefit in additional briefing, issuance of a preliminary injunction is warranted in light of the liberty interest at stake. Therefore, pursuant to its inherent authority to manage its own docket, the Court converts Petitioner's Motion for Temporary Restraining Order into one for a preliminary injunction. See Dietz v. Bouldin, 579 U.S. 40, 45 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citations and quotation marks omitted).

detained by Respondents at Nevada Southern Detention Center ever since. Id. at 6.

Petitioner has not been afforded a bond hearing before an Immigration Judge, and Respondents assert that he is being held in mandatory detention subject to § 1225(b)(2). However, Respondents have not served Petitioner, nor provided this Court,[2] with the document outlining the alleged violations that would permit Petitioner's detention. Petitioner thus seeks relief from this Court ordering an individualized bond hearing be carried out within seven days under the INA § 1226(a). Petitioner further seeks that the government be enjoined from denying bond or invoking the automatic stay on the basis that he is detained under § 1225(b)(2).

The Court makes the following findings of fact. Petitioner is a native and citizen of Mexico who entered the United States without inspection in or around 2003, when he was just 10 months old. He has resided in the United States ever since and was raised entirely within this country's borders. Due to significant special education challenges, Petitioner was unable to graduate high school, and instead entered the workforce to help support his family as a teenager. He held steady work with a drywall company prior to his detention. Petitioner lived with his mother and siblings, who hold Deferred Action for Childhood Arrivals status and lawful permanent resident status, in Las Vegas, Nevada. He has a very close-knit family unit; his family members have supported him through his educational struggles and mental health battles, and he has consistently supported them in return, both emotionally and economically.

The Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-term U.S. residents arrested in the interior and detained without the opportunity for release on bond, were detained in violation of the INA and due process. 2025 WL 3205356, at *10-26 (D Nev. Nov. 17, 2025). The Court incorporates by reference and adopts those same legal conclusions and findings here.

---

[2] The sole exhibit provided by Respondents to this Court is a screenshot of the EOIR Automated Case Information website, which cannot be conflated with, or deemed substitute for, an official charging document. See ECF No. 9-1.

As an initial matter,[3] the Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

The Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

The Court finds Petitioner has established a likelihood of success on the merits of his statutory and due process challenges to his continued detention for the same reasons set forth in Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas. First, in regard to the INA challenge, Respondents assert that § 1225(b)(2) applies to Petitioner and mandates his detention without a bond hearing, Petitioner argues Respondents' interpretation of the statutory scheme of §§ 1225 and 1226 is erroneous, and that he, as a long-time resident arrested in the interior, is subject to § 1226(a). This Court agrees with Petitioner and incorporates by reference its holding

---

[3] The Court notes that Respondents state the legal standard for standing in their responsive pleading. However, they include no argument or application to the instant case outside of a heading stating: "Petitioner's Claims Present No Case or Controversy." ECF No. 9 at 5. To the extent Respondents are seeking to challenge Petitioner's standing to challenge his ongoing detention, this Court rejects that argument and finds Petitioner has satisfied the test set forth in Lujan v. Defs. Of Wildlife. See 504 U.S. 555, 560-61 (1992). Petitioner has stated an injury in fact—unlawful detention—that is fairly traceable to the challenged action of the United States—holding him without access to an individualized bond hearing—and that injury is likely be redressed by a favorable decision by this Court granting relief in the form of immediate release or a hearing. See id.

and findings in Escobar Salgado. 2025 WL 3205356, at *10-22. Further, the Court finds Petitioner has established a likelihood of success on the merits of his procedural and substantive due process challenges to his prolonged detention without an individualized bond hearing. The procedural due process factors under Mathews v. Eldridge weigh heavily in favor of Petitioner because (1) the private interest affected is the fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioner without any individualized showing of why his detention is warranted, nor any process for Petitioner to challenge the exercise of that discretion; (3) the Government's interest in enforcing immigration laws is served by an individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Additionally, it follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government by adhering to an established bond hearing process, as compared to the preventable human suffering, *e.g.*, financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not

deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Injunctive relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up). "Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown[.]" Id. (citation omitted). The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas, 391 U.S. at 238. "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

The Court finds that the specific harm suffered by Petitioner—prolonged detention without a constitutionally-adequate, statutorily-required bond hearing establishing that his continued detention is warranted—is remedied by ordering an individualized bond hearing pursuant to § 1226(a) and enjoining Respondents from preventing his release on the basis that he is detained under § 1225(b)(2).

Under Federal Rule of Civil Procedure 65(c), a court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, 'the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" Id. (citation modified) (quoting Jorgensen, 320 F.3d at 919). Respondents have not argued that providing Petitioner a bond hearing will be costly. Therefore, the Court declines to impose bond beyond the amount that may be imposed by an IJ under § 1226(a) upon a grant of bond.

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's Motion for a Preliminary Injunction is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **December 30, 2025**.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, in the event that bond is granted, the Court **ORDERS** that Respondents are enjoined from invoking the automatic stay to continue Petitioner's detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. <u>Herrera v. Knight</u>, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

In the event that bond is granted, Respondents are **ORDERED** to <u>immediately release</u> Petitioner. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, and therefore, the Court **FURTHER ORDERS** that Petitioner has until **February 13, 2026**, to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **December 30, 2025**, Petitioner shall be <u>immediately released</u> until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing by **December 31, 2025**. The status report shall detail if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS FURTHER ORDERED** that on or before **January 13, 2026**, the parties shall file a stipulated proposed scheduling order for full briefing on the merits of the Petition.

A full written order on the Amended Petition (ECF No. 1) will follow.

**DATED:** December 23, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**